## Richmond.

### MERCHANTS BANK OF BALTIMORE AND ALS. V. CAMPBELL AND ALS.

#### April 21.

1. By the act of April 2d, 1873, a creditor's bill pending in a county court on the 1st of August, 1873, is properly removed to the circuit court of the county without any previous notice or motion.

2. In a creditor's suit the defendant debtor becomes a bankrupt *pendente lite.* His assignee is not made a party, but is counsel in the cause, and one of the commissioners to sell the land. It is no objection to a sale that he had not been made a party to the suit.

3. In a creditor's suit there is a sale of a tract of land, and the sale is confirmed by the court; but before the purchase money is paid, creditors apply by petition to set aside the order confirming the sale, on the ground of the frauduldnt concealment by the purchasers of a cave under it which gives great value to the tract—HELD:

    1. In a judicial sale, if it should be made to appear either before or after the sale has been ratified, that there has been any injurious mistake, misrepresentation or fraud, the biddings will be opened, the reported sale rejected, or the order of ratification rescinded, and the property again sent into the market and resold.

    2. On the evidence in this case the purchasers having discovered the cave, they used means to conceal it, and made false representations in relation to it; and upon this ground the order confirming the sale should be set aside.

This was an appeal of the Merchants Bank of Baltimore and a number of others, creditors of Samuel A. Burracker, from decrees of the circuit court of Page county, made in a creditor's suit pending in said court. The only questions involved in this appeal relate to the sale under the decree

of the court of a tract of land called the Cave Tract, which which was purchased by the appellees. The case is stated by Judge *Christian* in his opinion.

*J. Alfred Jones, W. H. Payne, Borst & Rust,* and *Jordan,* for the appellants.

*J. Y. Menefee, W. H. Travers, M. Walton,* and *J. G. Newman,* for the appellees.

CHRISTIAN, J. This case is before us on appeal from certain decrees of the circuit court of Page county.

The original bill was filed in the county court of said county by Daniel Miller & Co. and other judgment creditors of Burracker, to subject his lands to the payment of their several judgments.

The case was afterwards removed to the circuit court of Page county, and in that court certain proceedings were had by which a commissioner of said court was directed to report the judgment liens outstanding and docketed against the defendant Burracker. The result of these proceedings (without narrating them in detail) was a decree by said court directing certain commissioners appointed thereby to sell all the real estate of the said Burracker for the payment of said judgments. Sales of various tracts of lands were made by said commissioners, and reported to the court.

There is no controversy as to any of these sales except one. Among the tracts of land sold by the commissioners was one known as the "Cave Tract." At the first sale of this tract Edward Burracker, a son of the defendant, became the purchaser at the sum of $ —— per acre. It seems that Edward Burracker never complied with the terms of sale, and that before the commissioners made any report to the court, certain parties, Campbells and Stebbens, offered to the commissioners of sale ten *per cent.* on the bid of

Edward Burracker, which was accepted by said commissioners, it being the amount of $17 per acre, amounting to $484 for the twenty-eight acres known as the " Cave Tract."

The sale to these parties was confirmed by the circuit court, but before the purchase money was paid a petition was filed in the cause by one Biedler, who was the assignee of certain judgments against Samuel Burracker, the original defendant and judgment debtor, and also by other creditors, among them the defendants, in which said petition they charge that the purchasers, Campbells and Stebbens, who had offered a bid to the said commissioners of ten *per cent.* upon the amount offered by Edward Burracker, had discovered under the said tract of land known in the record as the " Cave Tract," a cave of great extent and grandeur, " with numerous avenues and departments, containing grand and magnificent curiosities of natural formation, which makes it one of the wonders of the western continent, and susceptible of being made a source of immense profit to the owners."

They further charge in said petition that this discovery made by the said Campbells and Stebbens was carefully concealed both from the commissioners and the court, and that they combined together in obtaining this valuable property, worth many thousand dollars, for the inconsiderable sum of $480.

Upon the answers to this petition and the depositions of numerous witnesses, the circuit court confirmed the sale to the last purchasers, the Campbells and Stebbens.

From this decree confirming said sale an appeal was allowed by one of the judges of this court.

In the petition of appeal there are several assignments of error, some of which present preliminary questions, which will first be disposed of, before we consider the main question presented by this record.

As to the first assignment of error, that there was no order

in the county court removing the case to the circuit court, it is sufficient to say that the counsel for the appellant overlooked the act of assembly of the 2d of April, 1873, which changed the jurisdiction of the county court, and provided in terms, without requiring any previous notice or motion, for the removal of "all causes at law and in chancery pending in the county court on the 1st of August, 1873," to the circuit court of the several counties.

This case comes within the provision of that statute, and was properly transferred under that statute to the circuit court. This first assignment of error is therefore not well taken.

Second assignment of error—to-wit: that the defendant Burracker had become a bankrupt *pendente lite*, and that the cause was not revived in the name of his assignee.

The record discloses the fact that the assignee in bankruptcy was counsel in the cause, cognizant of all the proceedings, was one of the commissioners of sale, and as such participated in making, reporting and recommending the confirmation of the sale, and he himself filed an answer in the cause in which he admits that "as one of the commissioners of sale and as assignee in bankruptcy of said S. A. Burracker, he recommended the confirmation of said sale." This assignment of error is not well taken. It is sufficient to refer to the cases of *Eyster* v. *Gaff and al.*, 1 Otto U. S. R. 521, and *Barr, Assignee* v. *White and als.*, 30 Gratt. 531, for the established rulings of the court on this subject·

The third assignment of error, as to the insufficiency of the advertisement, is not well taken.

The proof conclusively shows that the printed advertisements of the sale of the real estate, including the "Cave Tract," which originally required *one-fifth* of the purchase money in cash, was afterwards changed by the commissioners so as to conform to the terms of the decree. We are therefore of opinion that this assignment of error is not well taken.

Having now disposed of these preliminary questions, we come to consider the main question in this novel and interesting case. And that question is, whether the circuit court ought, under all the circumstances and upon the facts proved, to have set aside its order confirming the sale made by the commissioners to the Campbells and Stebbens at the sum of $480.00, which was their up-set bid on the purchase of Edward Burracker. It must be remarked—and it is an important fact to consider—that when the petition in this case was filed by Biedler, the assignee of some of the judgment creditors of S. A. Burracker and numerous other creditors, the purchasers of the "Cave Tract" had not completed their purchase by paying the purchase money under their contract with the commissioners of the court. And the question before the court was whether, under the circumstances and the facts brought to its attention, it ought to have set aside its order confirming the sale, reopened the bids, and directed its commissioners again to expose the land to public auction.

This is the important question which we will now proceed to consider. The case has been very ably and elaborately argued by the counsel on both sides, and numerous authorities have been referred to. They have been carefully examined by the court, and the principles of law to be extracted from them all are now to be applied to the facts of this case. In the first place, it is to be remarked that most of the cases relied upon by the appellees' counsel are cases where the parties are dealing at arm's length, as vendor and vendee, and which declare the familiar doctrine that the purchaser is not bound to disclose his superior knowledge—no matter how acquired—of the property which he proposes to purchase, and that a mere concealment of such superior knowledge, without a fraudulent purpose, will not affect the contract so as to cause a court of equity to set it aside merely upon that ground.

But even in such cases, where there is misrepresentation or fraudulent concealment of superior knowledge acquired, a court of equity will intervene and rescind a contract thus obtained by fraud or misrepresentation.

Now in the case before us, it is not a case of vendor and vendee dealing at arm's length with each other and the mere concealment of a fact acquired by superior knowledge, but it is the case of a sale at public auction, and is a contract between a court of justice, administering for the benefit of creditors the real assets of the debtor on the one hand, and the purchaser at a judicial sale on the other.

In such a case, the benefit of the interested parties for whom the court makes the sale is always and chiefly regarded. The highest price that can be had under all the circumstances should be obtained, and the sale should be, in all respects, a fair and honest one. These, and these only, are the ends in view. And I think it may be stated as the established law, both in England and in this country, that if it should be made to appear, either before or after the sale has been ratified, that there has been any injurious mistake, misrepresentation or fraud, the biddings will be opened, the reported sale be rejected, or the order of ratification be rescinded, and the property again sent into the market and resold. *Anderson* v. *Foulke*, 2 Harris & Gill, 346 ; Rorer on Judicial Sales, § 857, and note ; *Collier* v. *Whipple*, 13 Wend. R. 224 ; *Livingstone* v. *Peru Iron Company*, 2 Paige R. 390.

It may be further conceded that mere silence on the part of the purchaser, or failure to disclose knowledge on his part of peculiar value of the property sold, would not be sufficient to set aside a sale fairly made without misrepresentation or fraud.

But in the case before us, the facts show more than mere silence and withholding knowledge acquired by the purchasers. On the contrary, it is conclusively shown that

they not only actively concealed from the public the knowledge acquired by them, but misrepresented the facts within their knowledge.

Without noticing in detail the voluminous depositions in the record, it is sufficient to group together the facts which these depositions establish. It is proved that after the sale first made by the commissioners, at which Edward Burracker became the purchaser of the "Cave Hill" property, and before he complied with the terms of sale, the appellees, the Campbells and Stebbens, approached the commissioners and offered an advance bid of ten *per cent.* on the amount which Edward Burracker had agreed to pay for the land, which bid amounted to the sum of $480. This tract of land known as the "Cave Tract" contained only 28 acres, and was only valuable as a cow pasture, lying near the town of Luray. But it is shown that shortly after the sale to Edward Burracker, and before it was reported to the court, these parties (the appellees) made a discovery that underneath this land was a cave of great dimensions and magnificent beauty, which is described both in the bill and answers as "a crve of great dimensions, with numerous avenues and apartments, containing grand and magnificent curiosities, which makes it one of the wonders of the western continent."

They explored the cave to a certain extent both by day and night, and carefully stopped up the entrance, so that no one else could gain any knowledge of its extent, magnificence and real value. So far from divulging their discovery, they falsely reported that it was nothing but a *mud-hole.* This report was made to a man in the neighborhood, and who might have been a bidder, for aught we know, or at least would have reported to others, if he had been informed of the real facts, the great value of this property. To another, to whom they reported the real facts, they made the request that he would "keep mum."

Here we find not only a suppression of the real facts, but a total misrepresentation of the same.

The evidence further shows that this property, which was bought by these appellees, and the sale of which was confirmed by the court below, at the insignificant price of $480, is really estimated at from *twenty-five to fifty thousand dollars.*

Indeed, it is hardly possible, from the evidence in the cause, to estimate the value of this property. And it is a significant fact, in connection with the estimate of value, that these appellees, who have opened this wondrous cave to the public, when questioned as to their receipts for its exhibition, failed to state what amounts they had received.

I think it is very strange that when these facts were brought to the attention of the court below, that court should have refused to set aside its confirmation and sale. If these facts had been known before the confirmation, it is impossible to conceive how any court could have confirmed such a sale. But these facts were known before the purchase money was paid. And why should not the court rescind the sale after the facts were known? Who can be injured by such rescission? What was the duty of the court charged with the administration of the real assets of the debtor? Plainly, to get the largest price for the property sold.

And especially did the court below err in refusing to set aside its order of confirmation of the sale at the price of $480, when one of the petitioners offered an upset bid of $10,000. It is true that this petitioner Biedler, who made the upset bid of $10,000, was the assignee of certain judgments against Burracker; and if he stood alone in the petition presented to the court below, there would be much force in the argument of the learned counsel for the appellees that he was guilty of champerty, and his claim would not be recognized in a court of equity. But there were

united with him a number of other creditors of Burracker. They are parties as well as Biedler, interested in the rescission of the sale, and the objections urged against Biedler do not apply to them. At any rate, so far as the creditors were concerned, there was a bid of $10,000 for property which had been sold for $480.

So that the question we have to decide is, whether, after a knowledge of all the facts showing that the sale was made to parties who not only concealed but misrepresented the real facts, and with a bid of $10,000 over the purchase of $480, the court below was right in refusing to set aside the sale to these purchasers at the price of $480. I think the circuit court plainly erred in refusing to set aside its confirmation of the sale to the appellees. Upon the facts in the record it is plain that the circuit court ought to have set aside its order of confirmation, and exposed the property again for sale. This, I think, is the plain solution of the question we have to decide.

Who can be injured by the rescission of such a sale? The purchasers may be disappointed in getting for the insignificant amount of $480 property worth from $25,000 to $50,000, but the creditors are interested in getting the largest price, and it was the duty of the court below to sell the property for the largest price that it would bring at a fair sale when all the facts were known.

Such a sale, both for the benefit of the debtor and creditor, ought to have been decreed by the court below.

For these reasons, I am of opinion that the decree of the circuit court of Page county should be reversed.

BURKS, J. It may, perhaps, be inferred from some expressions in the opinion of Judge Christian that he considers a purchaser at a judicial sale, which has been confirmed by the court, as occupying a less favorable position than a purchaser at a sale by the owner of the property at

public auction. If any distinction is intended to be made between such purchasers in a proceeding by the vendors to set aside the sale, I desire to say that I am not prepared to give my assent to the proposition. In such a proceeding, it seems to me, the position of the purchasers is the same. When a sale made under and in conformity to an order or decree of court has been fairly reported to and confirmed by the court, the contract for sale becomes a perfected contract, the purchaser is entitled to call for the title sold as soon as he completes payment of the purchase money, and the court has no right, as it appears to me, to rescind the contract and set aside the sale, except for fraud, or mistake, or other cause, if any there be, for which equity would give like relief if the sale had been made by the parties in interest instead of by the court.

With this qualification I concur in the opinion of Judge Christian, and also in the decree to be entered.

ANDERSON and STAPLES, J's, concurred in the opinion of *Christian*, J.

The decree was as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the decree of the said circuit court, refusing to set aside its order of confirmation of the sale of the tract of land known as the " Cave Tract," is erroneous; it is therefore decreed and ordered, that the said decree be reversed and annulled, and that the appellants recover against the appellees their costs by them expended in the prosecution of their appeal and *supersedeas* here.

It is further decreed and ordered, that the cause be remanded to the said circuit court with instructions to said court to expose to sale again, after due and proper advertisements, the said land known as the " Cave Tract,"

at which said sale the "upset bid" of the petitioner Biedler, for $10,000, shall be received as the first bid.

It is further decreed and ordered, that the said circuit court shall require one of its commissioners to state and settle an account showing *first* the amount expended by the appellees, the Campbells and Stebbens, in improvements and other works in developing said cave ; and second, an account of all receipts of moneys taken in by them for exhibitions to the public of said cave; such receipts to be applied as a credit to such improvements and works on said cave for its development by said appellees, and to report the balance between such receipts and expenditures.

All of which is ordered to be certified to the said circuit court of the county of Page.

DECREE REVERSED.